IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAYMOND STEVEN ZABOROWSKI | : | CIVIL ACTION |
| Plaintiff | : | |
| v. | : | |
| | : | |
| KILOLO KIJAKAZI, | : | |
| Acting Commissioner of the Social | : | |
| Security Administration, | : | |
| Defendant | : | NO. 22-1130 |

## MEMORANDUM

CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE　　　　　　　　　　　　　　　　　April 12, 2023

Raymond Steven Zaborowski ("Plaintiff") seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner of the Social Security Administration ("the Commissioner"), denying his claim for disability insurance benefits ("DIB") under Title II of the Social Security Act. Plaintiff has filed a brief in support of his request for review, the Commissioner has responded to it, and Plaintiff has replied. For the reasons set forth below, Plaintiff's request for review is denied.

### I.　　PROCEDURAL HISTORY[1]

On September 17, 2017, Plaintiff applied for DIB, alleging disability, because of physical and mental health impairments, that commenced on November 1, 2014. R. 118. The claim was denied, initially; therefore, Plaintiff requested a hearing. *Id.* On March 25, 2019, Plaintiff appeared before Margaret M. Gabell, Administrative Law Judge ("the ALJ"), for a hearing; Plaintiff, represented by an attorney, and Donna Nealon, a vocational expert, ("VE Nealon") testified at the hearing. *Id.* On July 25, 2019, the ALJ, using the sequential evaluation process

---

[1] The court has reviewed and considered the following documents in analyzing this case: Plaintiff's Statement of Issues and Brief in Support of Request for Review ("Pl. Br."), Defendant's Response to Request for Review of Plaintiff ("Resp."), Plaintiff's Reply Brief ("Reply"), and the administrative record. ("R.").

("SEP") for disability,[2] issued an unfavorable decision. R. 118-29. However, on August 23, 2020, the Social Security Administration's Appeals Council granted Plaintiff's request for review and remanded the case. R. 135-36.

Upon remand, the ALJ conducted a remote hearing, on November 9, 2020; Plaintiff, represented by his attorney, and Carolyn Rutherford ("the VE") testified at the hearing. R. 18. On December 9, 2020, again applying the SEP for disability, the ALJ rendered an unfavorable decision. This time, the Appeals Council denied Plaintiff's request for review, on January 24, 2022, making the ALJ's findings the final determination of the Commissioner. R. 1-3. Plaintiff now seeks judicial review and the parties have consented to this court's jurisdiction, pursuant to 28 U.S.C. § 636(c)(1).

## II.    FACTUAL BACKGROUND

A.    <u>Personal History</u>

Plaintiff, born on November 6, 1964, was 52 years old on his date last insured. R. 34. He

---

[2] The Social Security Regulations provide the following five-step sequential evaluation for determining whether an adult claimant is disabled:

> 1. If the claimant is working, doing substantial gainful activity, a finding of not disabled is directed. Otherwise proceed to Step 2. *See* 20 C.F.R. § 404.1520(b).
>
> 2. If the claimant is found not to have a severe impairment which significantly limits his physical or mental ability to do basic work activity, a finding of not disabled is directed. Otherwise proceed to Step 3. *See* 20 C.F.R. § 404.1520(c).
>
> 3. If the claimant's impairment meets or equals criteria for a listed impairment or impairments in Appendix 1 of Subpart P of Part 404 of 20 C.F.R., a finding of disabled is directed. Otherwise proceed to Step 4. *See* 20 C.F.R. § 404.1520(d).
>
> 4. If the claimant retains the residual functional capacity to perform past relevant work, a finding of not disabled is directed. Otherwise proceed to Step 5. *See* 20 C.F.R. § 404.1520(f).
>
> 5. The Commissioner will determine whether, given the claimant's residual functional capacity, age, education and past work experience in conjunction with criteria listed in Appendix 2, she is or is not disabled. *See* 20 C.F.R. § 404.1520(g).

lives alone, R. 82, and last worked in 2011. R. 80. Plaintiff has never been married; he has no children. R. 99.

B.      Plaintiff's Testimony[3]

Plaintiff stated that he cannot work, because his anxiety prevents him from concentrating. R. 85. He also has difficulty interacting with others. *Id.* He has racing thoughts of impending doom. R. 93. Plaintiff also suffers from post-traumatic stress disorder ("PTSD"), which is triggered by the smell of burning material. R. 92. When his PTSD symptoms are triggered, Plaintiff feels an overwhelming need to leave the location that activated the symptoms. *Id.*

Because of his aversion to people, Plaintiff isolates himself; he only food shops early in the morning or late at night, in order to avoid social contact. R. 86-87. Another coping mechanism for him is maintaining a precise daily schedule, to minimize surprises. R. 99.

Plaintiff takes two medications to treat his anxiety. R. 90. He carries one on his person whenever he leaves his home, in case he encounters an unexpected irritation. R. 90-91. Plaintiff sees a therapist for mental health treatment. R. 88. Despite serious mental health limitations, Plaintiff can bathe and dress himself and prepare meals for himself. R. 86.

C.      Vocational Testimony

At the second administrative meeting, the ALJ characterized Plaintiff's past relevant work as follows: sales attendant, light,[4] unskilled[5] position; industrial truck operator, medium,[6] semi-

---

[3] The court focuses on Plaintiff's testimony at the first administrative hearing, because it is closer in time to his date last insured, which is December 31, 2016.

[4] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567(b).

[5] "Unskilled work is work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time. The job may or may not require considerable strength . . . [a] person does not gain work skills by doing unskilled jobs." 20 C.F.R. § 404.1568(a).

[6] "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. § 404.1567(c).

skilled[7] position; locker room attendant, light, unskilled position; truck driver, heavy,[8] semi-skilled position, and assembler of motor vehicle parts, medium, unskilled position. R. 46.[9] The ALJ asked the VE to consider a person with Plaintiff's past work experience, who could perform light work, with these additional limitations: a need to avoid temperature extremes; only occasional exposure to dust, odors, wetness, gases, fumes and poorly ventilated areas; needs a moderate noise environment; he is capable of unskilled work and can perform simple, routine tasks; adjust to occasional changes in the workplace; have occasional interaction with coworkers and supervisors; and tolerates no interaction with the public. R. 68. The VE responded that, although this individual could not perform any of Plaintiff's past work, he, nevertheless, could perform three alternative jobs: (1) assembly work (425,000 positions nationally); (2) packing work (210,000 positions nationally); and (3) benchwork (20,000 positions nationally). R. 68-69. The VE further opined that a person who was off-task 15% to 20% of the day, had frequent problems interacting with coworkers and supervisors, or had frequent problems responding to changes in the work setting could not sustain competitive employment. R. 69. The VE stated that her testimony was consistent with the Dictionary of Occupational Titles ("DOT"), except that the DOT does not address "employer processes"; her testimony about those processes was based upon her experience and employer contacts. R. 70.

### III. THE ALJ's FINDINGS

In her December 9, 2020 decision, the ALJ issued the following findings:

    1.    [Plaintiff] last met the insured status requirements of the

---

[7] "Semi-skilled work is work which needs some skills but does not require doing the more complex work duties." 20 C.F.R. § 404.1568(b). It is less complex than skilled work but more complex than unskilled work. *Id.* "A job may be classified as semi-skilled where coordination and dexterity are necessary, as when hands or feet must be moved quickly to do repetitive tasks." *Id.*
[8] "Heavy work involves lifting no more than 100 pounds at a time with frequent lifting or carrying of objects weighing up to 50 pounds." 20 C.F.R. § 404.1567(d).
[9] The ALJ decided to incorporate ALJ Nealon's testimony about Plaintiff's past work from the first administrative hearing. R. 46.

      Social Security Act on December 31, 2016.

2. [Plaintiff] did not engage in substantial gainful activity during the period from his alleged onset date of November 1, 2014, through his date last insured of December 31, 2016 (20 CFR 404.1571 *et seq.*).

3. Through the date last insured, [Plaintiff] had the following severe impairments: chronic obstructive pulmonary disorder; hearing loss; post-traumatic stress disorder; and generalized anxiety disorder (20 CFR 404.1520(c)).

4. Through the date last insured, [Plaintiff] did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that, through the date last insured [Plaintiff] had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except he must avoid temperature extremes, and he can tolerate only occasional exposure to dust, odors, wetness, gases, fumes, and poorly ventilated areas. He can tolerate moderate noise level. He is limited to performing only unskilled work, that is, jobs involving only simple, routine tasks, making only simple decisions, and no more than occasional changes in the workplace. He can have occasional interaction with co-workers and supervisors. He can have no direct public interaction.

6. Through the date last insured, [Plaintiff] was unable to perform any past relevant work (20 CFR 404.1565).

7. [Plaintiff] was born on November 6, 1964 and was 52 years old, which is defined as an individual closely approaching advanced age, on the date last insured (20 CFR 404.1563).

8. [Plaintiff] has at least a high school education (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that [Plaintiff] is "not disabled," whether or not he has

>    transferrable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).
>
> 10. Through the date last insured, considering [Plaintiff's] age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that [Plaintiff] could have performed (20 CFR 404.1569, 404.1569(a)).
>
> 11. [Plaintiff] was not under a disability, as defined in the Social Security Act, at any time from November 1, 2014, the alleged onset date, through December 31, 2016, the date last insured (20 CFR 404.1520(g)).

R. 21-22, 24, 33-35.

## IV.  DISCUSSION

A.  <u>Standard of Review</u>

Judicial review of the Commissioner's final decision is as follows.  The Commissioner's findings of fact will not be disturbed, if they are supported by substantial evidence.  *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91 (3d Cir. 2007); *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999).  Substantial evidence is not "a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation omitted).  While it is more than a mere scintilla of evidence, *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019), it may amount to less than an evidentiary preponderance.  *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001); *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988).  Overall, this test is deferential to the ALJ and the court should affirm the ALJ's findings of fact that are supported by substantial evidence, even when the court, acting *de novo,* might have reached a different conclusion.  *Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986), *cert. denied*, 482 U.S. 905 (1987).  Indeed, the court is not permitted to weigh the record evidence

itself. *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). By contrast, the Commissioner's legal conclusions are subject to *de novo* review. *Poulos*, 474 F.3d at 91; *Schaudeck*, 181 F.3d at 431.

B.    <u>Burden of Proof in Disability Proceedings</u>

To be found "disabled" under the Act, Plaintiff must carry the initial burden of demonstrating that she is unable to engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). Plaintiff may establish a disability through: (1) medical evidence meeting one or more of the serious impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1; or (2) proof that the impairment is severe enough that Plaintiff cannot engage in any type of "substantial gainful work which exists in the national economy." *Heckler v. Campbell*, 461 U.S. 458, 460 (1983); 42 U.S.C. § 423(d)(2)(A).

Under the first method, Plaintiff is considered *per se* disabled by meeting one of the "listed" impairments. *Heckler*, 461 U.S. at 460. Under the second method, Plaintiff must initially demonstrate that a medically determinable impairment prevents him from returning to his past employment. *See Brown*, 845 F.2d at 1214. If Plaintiff proves that his impairment results in functional limitations to performing his past relevant work, then the burden of proof shifts to the Commissioner to prove that work does in fact exist in the national economy which Plaintiff can perform given his age, education, work experience and residual functional capacity. *See Hess v. Comm'r Soc. Sec.*, 931 F.3d 198, 201 (3d Cir. 2019); *Poulos,* 474 F.3d at 92.

C.    <u>Review of the Administrative Law Judge's Decision</u>

Applying the sequential evaluation process, the ALJ determined that, although Plaintiff

7

could not perform his past relevant work, he could perform other light jobs that exist in the national economy and, hence, was not disabled. R. 18-35. Plaintiff disputes the ALJ's decision and argues that the ALJ reversibly erred by failing to properly apply the regulations for considering medical opinion evidence. Pl. Br. at 5-30. Plaintiff further argues that the regulations themselves are inconsistent with the enabling statute and should not be applied. *Id.* at 24-26. The Commissioner denies Plaintiff's assertions. Resp. at 5-22. This court finds that the regulations are valid and Plaintiff's complaints about the ALJ's application of the regulations lack merit.

1. <u>The Medical Opinion Regulations are Valid</u>

Plaintiff maintains that the new regulations[10] governing medical opinions are invalid, because they allowed the ALJ to omit explicit discussion of three of the five factors that the regulations identify as relevant when evaluating medical opinions. Pl. Br. at 25-26. This court has already rejected this argument in a prior decision. *Moore-Allen v. Saul*, Civ. A. No. 20-2696, 2021 WL 2343012 (E.D. Pa. June 7, 2021). Plaintiff's attorney should be aware of this, because he represented the plaintiff in *Moore-Allen*.

In *Moore-Allen*, this court explained that the Social Security Act does not unambiguously forbid the new regulations. 2021 2021 WL 2343012, at *7. Furthermore, the Social Security Act affords the Commissioner broad rule-making authority to carry out the relevant statutory provisions. *Id.* Moreover, the Act is silent with respect to the evaluation of medical evidence; hence, the Commissioner was free to adopt the new regulations. *Id.* (citing *Barnhart v. Walton*, 535 U.S. 212, 217-18 (2002)). In sum, the new regulations concerning the evaluation of medical opinions are valid. *Id.* This court sees no reason to reexamine its decision in *Moore-Allen*, which Plaintiff ignores. Hence, Plaintiff's challenge to the new regulations fails, as it did in *Moore-Allen*.

---

[10] The new regulations for evaluating medical opinions apply to all claims filed after March 27, 2017. *Moore-Allen v. Saul*, Civ. A. No. 20-2696, 2021 WL 2343012, *7 (E.D. Pa. June 7, 2021).

    2.   The ALJ Properly Applied the New Regulations

Plaintiff devotes most of his brief to arguing that the ALJ erred by finding that the May 9, 2019 opinions of Mariana Mendez-Tadel, his treating psychiatrist, were not persuasive, because they were inconsistent with other evidence in the record. Pl. Br. at 7-26. He also devotes a shorter portion of his brief to criticizing the ALJ's consideration of the opinions of: (1) Dr. Frances Cole, the supervisor of group therapy sessions in which Plaintiff once participated; (2) Dr. Valorie Rings, a non-examining state agency psychologist; and (3) Dr. Matthew Richmond, the consultative psychological examiner. *Id*. at 26-30. This court finds that Plaintiff's arguments lack merit.

Dr. Mendez-Tadel opined that Plaintiff had marked or extreme limitations in many areas of mental functioning. Pl. Br. at 8-9 (citing R. 1669). Two of Dr. Mendez-Tadel's opinions were that Plaintiff had marked inability to interact appropriately with supervisors and coworkers and extreme limitation in the ability to respond appropriately to routine changes in the work routine. R. 1669. Per the VE's testimony, either limitation would be disabling. R. 69. However, the ALJ explained that these significant limitations were not consistent with evidence in the record that Plaintiff was able to interact with others, including in group therapy sessions. R. 33. While this may not be a great deal of evidence to support the ALJ's conclusion, little evidence is required to satisfy the substantial evidence test. *See Biestek*, 139 S. Ct. at 1154. The evidence the ALJ cited is substantial, as that term of art is used. *Id.* Hence, Plaintiff's argument fails.

In a report dated January 31, 2017, Dr. Cole wrote that Plaintiff had severe symptoms of PTSD. R. 31 (citing Ex. 11F).[11] The ALJ concluded that, since Dr. Cole did not provide any specific work-related limitations or restrictions, his report was not persuasive. R. 32. The ALJ's conclusion was proper, because Dr. Cole's characterization of Plaintiff's PTSD did not constitute

---

[11] Exhibit 11F contains Dr. Cole's report.

a medical opinion under the regulations. *See* 20 C.F.R. § 404.1513(a)(2)(ii) (defining a mental health medical opinion as statement from a medical source about the claimant's ability to perform the mental demands of specific work activities). Since Dr. Cole's report did not contain medical opinions, as defined in the regulations, the ALJ concluded properly that it was unpersuasive.

Dr. Valorie Rings, a state agency psychologist, opined that Plaintiff had mild limitation in three areas of mental functioning and moderate limitation in the fourth. R. 32 (citing Ex. 1A).[12] Dr. Rings also opined that, through the date last insured, Plaintiff had moderate limitations in his ability to complete a normal workday and workweek and perform at a consistent pace. *Id.* In addition, she opined that Plaintiff could understand, retain and follow simple instructions and perform simple, one and two step tasks. *Id.* The ALJ found these opinions persuasive, because they were consistent with other evidence in the record that the ALJ had discussed previously.[13] *Id.* Although Plaintiff suggests that the ALJ erred in accepting Dr. Ring's opinions, it is apparent that she cited more than a scintilla of evidence to support her conclusion. Hence, her decision is supported by substantial evidence. *Biestek*, 139 S. Ct. at 1154.

Dr. Matthew Richmond, the consultative psychological examiner, prepared a report on April 18, 2019. R. 1646-87. The ALJ noted that Dr. Richmond opined that Plaintiff had no more than mild to moderate limitations in the areas of mental functioning he reviewed.[14] R. 32 (citing Ex. 9F).[15] The ALJ opined that these opinions were persuasive, because they were consistent with the record which showed that Plaintiff's most pronounced issues concerned social interactions and

---

[12] Exhibit 1A contains Dr. Ring's report.
[13] Plaintiff suggests that the reasons for the ALJ's conclusion concerning Dr. Ring's opinions were "unspecified." Pl. Br. at 27. The court finds this assertion to be inaccurate, because it is apparent that the ALJ was referring to her preceding recapitulation of much of the evidence in the record.
[14] Dr. Richmond evaluated Plaintiff's ability to understand, remember and carry out simple instructions; make simple, work-related decisions; understand, remember and carry out complex instructions; make complex work-related decisions; interact appropriately with the supervisors, coworkers and the public; and respond appropriately to usual work situations and changes in a routine work setting. R. 32.
[15] Exhibit 9F contains Dr. Richmond's report.

coping with past trauma. R. 32. The ALJ noted that several records revealed that Plaintiff was able to socialize to some degree, left his home without issue, lived independently, maintained his sobriety, engaged in some hobbies and generally engaged in mental health treatment with good result. *Id.* Plaintiff's activities of daily living and ability to participate in mental health treatment are consistent with mild or moderate limitation in the areas of mental functioning that Dr. Richmond evaluated. Hence, there is substantial evidence, which is not a great deal of evidence, *Biestek*, 139 S. Ct. at 1154, to support the ALJ's conclusion.

      An implementing order and order of judgment follow.