IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAYMOND STEVEN ZABOROWSKI : | | CIVIL ACTION |
| Plaintiff : | | |
| v. : | | |
| : | | |
| KILOLO KIJAKAZI, : | | |
| Acting Commissioner of the Social : | | |
| Security Administration, : | | |
| Defendant : | | NO. 22-1130 |

**MEMORANDUM**

CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE                                                July 13, 2023

On March 24, 2022, Raymond Steven Zaborowski ("Plaintiff") filed a complaint to seek judicial review of the final decision of the Commissioner of Social Security ("the Commissioner"), which denied Plaintiff disability benefits insurance ("DIB"), under Title II of the Social Security Act. Plaintiff filed his request for review, on December 9, 2022. After the Commissioner's Response and Plaintiff's Reply, the matter was fully briefed, on March 21, 2023. On April 12, 2023, this court entered a Memorandum and Order denying Plaintiff's request for review and, on the same day, Judgment was entered for the Commissioner. Dissatisfied with this adverse result, Plaintiff filed a motion for reconsideration, pursuant to Fed. R. Civ. P. 59(e), on May 9, 2023. The Commissioner has responded to Plaintiff's motion; Plaintiff has not filed a reply. For the reasons which follow, Plaintiff's motion is denied.

**I.   RELEVANT STANDARD**

A motion for reconsideration is limited to "'correct manifest errors of law or fact, or to present newly discovered evidence.'" *Max's Seafood Café Ex Rel. Lou-Ann v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)). The party seeking reconsideration must demonstrate one of the following: (1) an intervening

change in the controlling law; (2) the availability of new evidence that was not available when the court rendered its decision; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Id.* (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).

Because of the court's interest in finality of judgment, motions for reconsideration "'should be granted sparingly and may not be used to rehash arguments which have already been briefed by the parties and considered and decided by the court.'" *Jarzyna v. Home Properties, L.P.*, 185 F. Supp. 3d 612, 622 (E.D. Pa. 2016) (quoting *PBI Performance Products, Inc. v. NorFab Corp.*, 514 F. Supp. 2d 732, 744 (E.D. Pa. 2007)). In other words, a motion for reconsideration may not be used to give litigants a "second bite at the apple," in order to ask the court to rethink a decision already made. *Id.* (citations omitted). Put another way, a party's disagreement with the court's original decision is not a basis to grant consideration. *United States v. Cephalon, Inc.*, 159 F. Supp. 3d 550, 555 (E.D Pa. 2016) (citations omitted).

## II.     DISCUSSION

Plaintiff concedes that his motion does not rely upon an intervening change in the law, or any new facts. Corrected Pl. Br. in Support ("CPB") at 5. Instead, he argues that this court committed a clear error of law, because it failed to address whether the administrative law judge ("the ALJ") properly considered if the opinions of treating psychiatrist, Dr. Mariana Mendez-Tadel, were properly supported. *Id.* To the extent Plaintiff seeks to challenge the ALJ's decision, it is apparent that he is asking this court to rethink a decision it has already made. As such, it is not a proper basis to seek reconsideration. *Jarzyna*, 185 F. Supp. 3d at 622. To the extent Plaintiff challenges the court's failure to address his argument, that is a proper basis to seek reconsideration,

The regulation governing medical opinions states that, when an ALJ evaluates the

persuasiveness of a medical opinion, the two most important factors are supportability and consistency. 20 C.F.R. § 404.1520c(a). Plaintiff argues that, when the ALJ evaluated Dr. Mendez-Tadel's opinions, she failed to consider supportability. CPB at 3. He further argues that this court erred, because it failed to acknowledge that the ALJ committed this omission. *Id.* at 3, 5. As noted above, the first argument is one Plaintiff already presented to the court; hence, it cannot be a basis for reconsideration. *Jarzyna*, 185 F. Supp. 3d at 622.

Plaintiff's second argument cannot be the basis for reconsideration, for two reasons. First, the ALJ did not commit the error Plaintiff identifies. Second, since the ALJ did not commit the error Plaintiff identies, this court did not err, to the extent it did not explicitly mention the supportability factor.

In her decision, the ALJ identified how Dr. Mendez-Tadel sought to support her opinions, noting that Plaintiff: "'has long struggled with tolerance of social environments, changes in routine, etc. which exacerbate his PTSD/anxiety symptoms,' and that he 'struggles with focus and attention/concentration difficulties.'" R. 33 (quoting Ex. 10F). The ALJ then explained why she found that Dr. Mendez-Tadel's opinions were inconsistent with the record. R. 33. Because the ALJ did consider how Dr. Mendez-Tadel supported her opinions, the error Plaintiff identified did not occur. Hence, the court's failure to explicitly consider supportability was not an error, since the ALJ did explicitly consider supportability and the ALJ explained why the lack of consistency was fatal. R. 33. As this court held, the ALJ's reliance upon the doctor's opinions' lack of consistency with the record is sufficient to satisfy the lenient substantial evidence test. Memorandum at 9 (citing *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019)). There being no error of law, Plaintiff's motion for reconsideration is denied. *Max's Seafood Cafe*, 176 F.3d at 677.

An implementing order follows.